# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2105015323 |
| | ) | |
| LENNON DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: August 24, 2023
Date Decided: October 26, 2023

## <u>ORDER</u>

Upon consideration of Defendant Lennon Davis' ("Davis") "Motion for Modification/Reduction of Sentence" ("Motion"),[1] the State's response,[2] Superior Court Criminal Rule 35(b),[3] statutory and decisional law, and the record in this case,

**IT APPEARS THAT:**

(1)     On March 30, 2022, Davis pled guilty to Resisting Arrest and Non-Compliance with Bond Conditions for domestic violence related charges against Jackson.[4]  At sentencing, Davis was sentenced effective July 22, 2021, to 2 years at Level V, suspended after 1 year Level 5, for 18 months Level III probation for

---

[1] D.I. 17. The Court understands this to be a Motion for Modification of Partial Confinement or Probation.
[2] D.I. 19.
[3] Super. Ct. Crim. R. 35(b).
[4] D.I. 6.

Resisting Arrest; and 1 year Level V suspended for 18 months at Level 3 probation for Non-Compliance with Bond Conditions.[5]

(2) On June 8, 2022, Davis filed a Motion for Sentence Modification[6] which the Court denied on September 20, 2022.[7]

(3) On March 16, 2023, a Violation of Probation ("VOP") hearing was held.[8] At the VOP hearing, Davis was found in violation of the terms of his probation and sentenced for Resisting Arrest VOP (VN21-08-1163-01) to 1 year at Level V with credit for 25 days previously served, suspended for 1 year Level III substance abuse treatment program, suspended after successful completion of substance abuse treatment program, suspended for 1 year Level III GPS; and for the Non-Compliance with Bond Conditions VOP (VN21-08-1166-01) to 1 year Level V suspended for 1 year Level III probation GPS. All prior terms and conditions were reimposed.[9]

(4) On June 27, 2023, Davis filed the instant Motion asking the Court to remove the GPS monitoring requirement of his probation, transfer his probation to Sussex County, and modify the "no contact" order with Jackson to a "no unlawful contact" order.[10]

---

[5] D.I. 12.
[6] D.I. 8.
[7] D.I. 9.
[8] D.I. 12.
[9] *Id.*
[10] D.I. 17.

(5) Rule 35(b) governs motions for modification or reduction of sentence.[11] "A motion for modification of partial confinement or probation is not subject to the ninety-day limitation applicable to a motion for reduction of imprisonment."[12] Pursuant to 11 *Del. C.* § 4333, any probation or suspension of sentence may be terminated at the Court's discretion.[13]

(6) The Court's authority to grant relief under Rule 35(b) is discretionary.[14] Rule 35(b) does not provide specific considerations the Court must consider, rather "the Court exercises broad discretion in determining whether a situation or set of individual factors can be viewed."[15]

(7) In support of his Motion, Davis cites his completion of his substance abuse and mental health counseling,[16] and an affidavit from the victim in his case stating she does not oppose the motion.[17] Further, in support of his request to remove the GPS anklet, he states that it takes time to charge the device, he cannot take baths, the device beeps at low battery, employers deem device holders undesirable, and the device causes small lacerations to his ankle.[18]

---

[11] Super. Ct. Crim. R. 35(b).
[12] *State v. Baily*, 2017 WL 8787504 at *1 (Del. Super. Ct. Oct. 3, 2017); *State v. Redden*, 111 A.3d 602, 609 (Del. Super. Ct. 2015).
[13] *Id.*
[14] *Id.*
[15] *State v. Redden*, 111 A.3d 602, 609 (2015).
[16] D.I. 17.
[17] *Id.*
[18] *Id.*

(8)     The GPS monitoring requirement was imposed after the Court held a VOP hearing and found Davis had violated the terms of his probation. The sentence is appropriate for all the reasons stated at the VOP hearing. No information has been provided to the court that would warrant modification. The Court commends Davis on his completion of the substance abuse and mental health program but will not remove the GPS requirement.

(9)     Davis fails to provide any basis for his request to transfer his probation to Sussex County other than his claim that he has thus far complied with his No Contact Order with the victim.[19]  The Court will not consider this request.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Lennon Davis' Motion for Sentence Modification is **DENIED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

cc:     Original to Prothonotary
        Christina M. Davis, DAG
        Lennon Davis (SBI # 516706)

---

[19] D.I. 17.

4